## S13Y1109. IN THE MATTER OF ROBERT B. LIPMAN.

### (748 SE2d 454)

PER CURIAM.

This disciplinary matter is before the Court on the report of the special master,[1] who recommends that we accept the petition of Robert B. Lipman (State Bar No. 453550) for the voluntary surrender of his license, a petition filed after the issuance of a formal complaint. See Bar Rule 4-227 (c). In his petition, Lipman admits violations of Rules 1.15 (I), 1.15 (II), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum punishment for such violations is disbarment.

In his petition, Lipman admits the following facts. Lipman was hired to represent a client in a personal injury case, after the client was injured in an automobile accident while working. Lipman and the client agreed to a contingency fee, whereby Lipman would receive 40 percent of any settlement. The client advised Lipman that he had filed a workers' compensation claim, but that his employer controverted the claim. Lipman contacted the opposing party's insurance carrier and was informed that the other vehicle involved in the accident — a municipal government truck, driven by a municipal employee — was insured for $1 million. Lipman referred his client to two doctors for medical treatment, and the client incurred substantial medical expenses, approximately $272,000 in all. Lipman also referred his client to another attorney with respect to the workers' compensation claim.

In addition, Lipman sent a demand to the municipality's insurance carrier, which offered to pay $250,000, and Lipman's client agreed to accept that amount. Lipman met with his client prior to receipt of the funds to issue a disbursement statement. The statement provided that Lipman was withholding $11,400 from the proceeds to be applied to medical liens if those debts were not subsequently paid by workers' compensation benefits. Lipman and his client also discussed Lipman representing the client for no additional charge over the $11,400 if a subrogation claim was filed. Lipman told his client that he was withholding an additional $5,000 to be paid towards one of the doctor's bills. Lipman issued a check to that doctor for $5,000 with no indication that the payment was related to the client's treatment. The insurer issued a check for the settlement amount payable to the client and his wife. Shortly afterwards, Lipman issued a $12,000 check from his trust account to pay an expense unrelated to his client's representation. Lipman then signed

---

[1] H. Maddox Kilgore was appointed as special master in this matter.

the names of his client and his client's wife on a release of all claims and had the signatures notarized by one of his employees. The client's workers' compensation case subsequently settled, and his medical expenses were paid through that matter, but Lipman did not pay his client the $11,400 he withheld from the proceeds for medical expenses. The doctor to whom Lipman had paid $5,000 also was paid as part of the workers' compensation case and refunded the $5,000 to the client. The client's employer did file a subrogation claim, and even though Lipman did not have a separate agreement to represent the client in that claim, he filed pleadings, communicated with opposing counsel, and got the claim dismissed.

Lipman admits that, by signing his client's and wife's name on the release and having the signatures notarized, and by making inconsistent statements regarding the nature of the disbursements from the client's proceeds to his client, the Office of the General Counsel of the State Bar and the Investigative Panel of the State Disciplinary Board, he violated Rule 8.4 (a) (4). He also admits that he violated Rule 1.15 (I) by failing to accurately account for and deliver all of the funds to which his client was entitled, and that he violated Rule 1.15 (II) by withdrawing funds from his trust account and by commingling the funds with his own funds. The State Bar has no objection to the petition for voluntary surrender.

We have reviewed the record and accept Lipman's petition for the voluntary surrender of his license, which is tantamount to disbarment, see Bar Rule 4-110 (f). Accordingly, the name of Robert B. Lipman is hereby removed from the rolls of persons entitled to practice law in the State of Georgia. Lipman is reminded of his duties under Bar Rule 4-219 (c).

*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Hawkins, Parnell, Thackston & Young, H. Lane Young II*, for Lipman.